# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

JESSICA A. STOLER,

    Plaintiff,

v.                                                Civil Action No. 2:18-CV-00988

PENNYMAC LOAN SERVICES, LLC

    Defendant.

## DECLARATION OF KAREN SCOTT

I, Karen Scott, declare under the penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. My name is Karen Scott and I am over 18 years of age.

2. I am of sound mind, have never been convicted of a felony, am competent to testify in this Affidavit, and am authorized in all respects in my capacity as Supervisor, Foreclosure Operations, for PennyMac Loan Services, LLC ("PennyMac") to make the statements contained herein.

3. All of my statements contained herein are based on my personal knowledge and my review of PennyMac's books and business records, which also include the unaltered business records of PennyMac's predecessor(s) in interest for the mortgage loan at issue in the above captioned litigation, and records from PennyMac's agents, which have been incorporated into PennyMac's files (the "Business Records"); the Business Records were generated at or close to the time the events memorialized in those records occurred by persons with personal knowledge of the events so memorialized.

4. PennyMac's registered agent with the West Virginia Secretary of State is CT Corporation System located at 1627 Quarrier St., Charleston, WV 25311-2124, and PennyMac's principal place of business is 3043 Townsgate Road, Suite 200, Westlake Village, CA 91361.

5. On December 20, 2017, Plaintiff called PennyMac to discuss mortgage assistance options for her Loan. On the call, Plaintiff was informed by a PennyMac representative that her Loan was in active foreclosure, and that the foreclosure process could not be suspended until a complete mortgage assistance application was received by PennyMac. Specifically, on the December 21, 2017 call, the PennyMac representative started by stating, "I do have to inform of the account status which current reflects an active foreclosure in process. At this time there's no scheduled sale date, but one can be assigned at any time." Plaintiff asked, "Am I at least protected while I'm waiting for these seven to ten days in getting the review?" and the PennyMac representative responded, "No, the only time that we're going to go ahead and suspend the foreclosure is when we let you know that we're awaiting a decision." The PennyMac representative explained that "While [PennyMac] wait[s] for a decision, we do halt all activity pending that decision," and that "Till the account is brought current, collection activity, late charges, and credit reporting, including foreclosure proceedings will continue."

6. After PennyMac's receipt of Plaintiff's January 25, 2018 letter, PennyMac sent Plaintiff thirty-two written communications, which generally consisted of regular account statements and other notices required by law; of these thirty-two written communications, there were seventeen monthly mortgage statements, one 1098 form for tax purposes, one escrow analysis, one privacy notice, one payoff statement requested by Plaintiff, four letters explaining

2

mitigation options, four notices of payments received and posted, and three partial payment letters describing how the partial payments were applied to Plaintiff's Loan.

7.  Since making her October 2017 reduced payment under the Special Forbearance Plan, Plaintiff has made two monthly payments of the regular amount due, approximately $705.00 in March and April 2018, and two token payments of $20.00 each on July 2, 2018 and July 9, 2018.

8.  The trustee's sale of the Property scheduled for January 30, 2018 was cancelled and has not been rescheduled. No sale has taken place and Plaintiff has remained in the Property.

9.  Attached hereto as **Exhibit 1** is a true and correct copy of the promissory note dated April 10, 2014 evidencing Plaintiff's Loan, bates numbered Stoler_PennyMac_000135 – 138.

10. Attached hereto as **Exhibit 2** is a true and correct copy of the deed of trust dated April 10, 2014 recorded in the records of Kanawha County, West Virginia, bates numbered Stoler_PennyMac_000001 – 22.

11. Attached hereto as **Exhibit 3** is a true and correct copy of an excerpt of the payment history for Plaintiff's Loan, bates numbered Stoler_PennyMac_001009.

12. Attached hereto as **Exhibit 4** is a true and correct copy of Plaintiff's March 2017 mortgage assistance application, bates numbered Stoler_PennyMac_000653 – 688.

13. Attached hereto as **Exhibit 5** is a true and correct copy of a letter from PennyMac to Plaintiff dated April 7, 2017, bates numbered Stoler_PennyMac_000728 – 732.

14. Attached hereto as **Exhibit 6** is a true and correct copy of Plaintiff's June 2017 mortgage assistance application, bates numbered Stoler_PennyMac_000854 – 889.

15. Attached hereto as **Exhibit 7** is a true and correct copy of a letter from PennyMac to Plaintiff dated June 30, 2017, bates numbered MSJ_000123.

16. Attached hereto as **Exhibit 8** is a true and correct copy of an excerpt of the Communication Call History for Plaintiff's Loan account, bates numbered oler_PennyMac_001010, 001013.

17. Attached hereto as **Exhibit 9** is a true and correct copy of a letter from PennyMac to Plaintiff dated December 5, 2017, bates numbered Stoler_PennyMac_000941 – 942.

18. Attached hereto as **Exhibit 10** is a true and correct copy of a letter from PennyMac to Plaintiff dated December 21, 2017, bates numbered Stoler_PennyMac_000946 – 955.

19. Attached hereto as **Exhibit 11** is a true and correct copy of a letter from Seneca Trustees, Inc. to Plaintiff dated January 3, 2018, bates numbered MSJ_000001 – 3.

20. Attached hereto as **Exhibit 12** is a true and correct copy of Plaintiff's January 2018 mortgage assistance application, bates numbered Stoler_PennyMac_000960 – 968.

21. Attached hereto as **Exhibit 13** is a true and correct copy of a letter from PennyMac to Plaintiff dated January 10, 2018, bates numbered Stoler_PennyMac_000969 – 971.

22. Attached hereto as **Exhibit 14** is a true and correct copy of a letter from PennyMac to Plaintiff dated January 23, 2018, bates numbered Stoler_PennyMac_000995 – 997.

23. Attached hereto as **Exhibit 15** is a true and correct copy of a letter from Plaintiff to PennyMac dated January 25, 2018, bates numbered MSJ_000494 – 495.

24. Attached hereto as **Exhibit 16** is a true and correct copy of correspondences from PennyMac to Plaintiff post-January 25, 2018, bates numbered Stoler_PennyMac_001438 – 1478, 1487 – 1523.

I DECLARE UNDER PENALTY OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT. EXECUTED ON AUGUST 21, 2019.

_____
KAREN SCOTT